# KENT COUNTY.

## IRVING F. MANN *vs.* ORIENTAL PRINT WORKS.

A fireman employed to tend an engine fire was called upon by the engineer to assist in throwing on a belt which worked a pump used to fill the boiler. The fireman being injured by the belt, brought an action for the injury received against the corporation which employed both the engineer and himself.

*Held,* that if the fireman, although employed only for a fireman, was placed under the orders of the engineer, and was by him suddenly called upon to assist in throwing on a belt, out of his own sphere, but within the sphere of duty of the engineer, and was thus subjected to a risk with which he was not acquainted, or to a peculiar and greater risk at that time and of which he was not informed or cautioned, the defendant would be liable.

*Held*, further, that if the fireman was placed under the engineer as his superior, and this superior had a right to give orders in his department, the case did not come within the principle regulating liability in cases of fellow-servants, and that the engineer must be looked upon as representing the employer.

*Held*, further, that unless the plaintiff fireman had been instructed not to obey the engineer except in the line of the fireman's employment, the engineer was authorized to call upon him for assistance in any matter within the engineer's department, and the defendant would be liable, even if there was another person who might more properly be called upon.

*Held*, further, that if the plaintiff fireman was instructed not to obey the engineer out of the line of his employment, and he chose notwithstanding to obey, he could not hold the defendant liable.

*Held*, further, that if the throwing on and off of the belts was not within the engineer's department, but was confined by the corporation to a belt fixer, the defendant would not be liable.

*Semble*, that if the person injured was an inferior servant, and was injured by the negligence of a superior servant in the same department, *e. g.* if he had been placed under a superior fireman by whose neglect he had been injured, the liability would not have accrued, as it might then be argued that he must have known and calculated the risks of such employment.

DEFENDANTS' petition for a new trial.

*Providence, June* 22, 1875.    POTTER, J.    The plaintiff in this case was employed as a fireman to tend the fire in an engine in the defendants' mill.

Evidence was offered tending to show that when employed he was given to understand he was to obey the orders of the engineer.

The engineer called on the plaintiff to assist in throwing on a belt, which was used to operate the pump which filled the boiler, and in doing this he suffered the injury complained of.

He had several times before been called on to do the same thing, but it would seem that at this time there was a peculiar danger from the condition of the belt and the speed of the machinery.

The defendants claimed that they were not liable : —

1st. Because the engineer and plaintiff were fellow-servants, and there was no evidence that the engineer was an incompetent person.

2d. That there was a belt fixer, or person especially employed to fix the belts in the mill, and that it was not the business of the engineer, or within his department.

First.    It is objected that the judge charged that if the engineer was the plaintiff's superior and had a right to give orders in his department which the plaintiff was instructed to obey, the

case would not come within the principle regulating liability of employer in case of negligence of a fellow-servant; and the superior must in this regard be looked upon as representing the employer, and if the employer would have been liable if the orders had been given directly by him, he would be liable if they were thus indirectly given through the engineer.

Second.   It is objected that, by way of illustration, the judge referred to the case of a farmer setting a servant to clean a well: If the well was in ordinary order, the laborer could judge of the danger as well as the employer; but if the well was so defectively built as to be, peculiarly dangerous and the employer gave no warning of it, he might be liable in case of accident.   And the judge further said that if this fireman was suddenly called on to perform a dangerous service not strictly within the line of his duty and requiring peculiar skill, there would be no presumption that he knew the risks of it; and if so, he should not have been directed to do it without information of the nature of the service and risk.

Third.   It is objected that the judge refused to charge the jury that there was no cause of action set forth in the plaintiff's declaration.

Fourth.   The defendants' counsel requested the judge to charge that if there was a regular belt fixer, and the plaintiff knew it, and he was employed merely as a fireman, then if the engineer gave him an order to shift the belt, it would be out of the line of his duty and the defendants would not be liable.

But the judge charged that if he was instructed not to obey the engineer out of the line of his employment and he chose to do so, he could not hold the defendants liable; but that there was no evidence that he was so instructed, but so far as the evidence went it was the other way, and that in the absence of such instructions the engineer would be authorized to call upon any one under him in another capacity to assist him (the engineer) in any matter within his (the engineer's) department; and if he did the defendants would be liable, even if there was another person who might more properly be called upon; but that if the throwing on and off of the belts was not within the engineer's department, but was confined by the corporation to a belt fixer, the defendants would not be liable.

We have been referred to decided cases showing the general rule that the master is not responsible to a servant for injuries resulting from the negligence of a fellow-servant employed in the same general business. And the rule is the same if the servants are engaged in different departments.

So, also, if the negligent servant was in a superior station, provided the fact of·such superiority is not an element in causing the injury, *i. e.* if the injury might as well have happened if he had not been superior.

So, also, if the person injured was subject to and at the time obeying the orders of the superior negligent servant, the master would not necessarily be liable if the injured person was at the time acting under the superior in a branch of business for which he was specially employed, and the risks and dangers of which he may be presumed to be acquainted with. In such a case his knowledge of the danger would be considered in estimating the degree of care he should use to avoid it.

These rules, however, are subject to certain well understood exceptions growing out of the duty of the master to select proper servants and provide proper machinery.

In the present case the jury were told substantially, and we think rightly, that if the fireman, although employed only for a fireman, was placed under the orders of the engineer, and was by him suddenly called upon to assist in throwing on a belt, out of his own sphere, but within the sphere of duty of the engineer, and was thus subjected to a risk with which he was not acquainted, or to a peculiar and greater risk at that time, and of which he was not informed or cautioned, then the defendants would be liable.

And we think the jury were rightly told that, if the fireman was placed under the engineer as his superior, and this superior had a right to give orders in his department, the case did not come within the principle regulating liability in cases of fellow-servants, and that the engineer must be looked upon as representing the employer.

If the person here injured had been an inferior servant, and had been injured by the negligence of a superior servant in the same department, *e. g.* if he had been placed under a superior fireman by whose neglect he had ·been injured, the case would

have been different.    And it might then be argued that he must have known and calculated the risks of such employment.

In the present case the fireman was not injured while working in his own particular department, but was injured by the neglect of a superior whose department was more extensive, including his (the fire) as a part of it.    The engineer not only had a delegated authority or control, but it was the exercise of this delegated authority which was the cause of the injury.

And there were several points in the present case, such as the being suddenly called upon, and the want of opportunity to examine and estimate the danger, which have in the reported cases been allowed considerable weight in deciding upon the question of liability.

The third exception was not relied upon in argument, and as to the fourth we think the charge was correct.

We think, therefore, the exceptions cannot be sustained, and the motion for new trial is denied.

See opinion of Chief Justice Robertson, in *Louisville, &c. R. R. Co.* v. *Collins*, 2 Duv. 114, and Judge Redfield's note on that case in Am. Law Register (N. S.), vol. 5, 265, 272 ; *Waller* v. *S. E. Railway Co.* 2 H. & C. 102 ; and Judge Parsons's note in the American edition.                     *Petition dismissed.*

*B. N. & S. S. Lapham*, for plaintiff.

*Thurston, Ripley & Co.* for defendants.

Note. — For a commentary on this case see Am. Law Register (N. S.), vol. 14, p. 725, December, 1875.