This is the case in which we granted a new trial at a former term, on the ground that the verdict was against the evidence.14 R.I. 357. The parties have waived a jury trial, and now submit the case to us on the same evidence, the purpose of the plaintiff being to urge upon us certain considerations not before urged in regard to the statute under which the action was brought. Gen. Stat. R.I. cap. 193, § 16; Pub. Stat. R.I. cap. 204, § 15. The language of § 15 is: "If the life of any person, being a passenger in any stage-coach or other conveyance, when used by common carriers, or the life of any person, whether a passenger or not, in the care of proprietors of, or common carriers by means of, railroads or steamboats, . . . shall be lost by reason of negligence or carelessness of such common carrier, proprietor or proprietors, or by the unfitness or negligence or carelessness of their servants or agents, in this state, such common carriers, proprietor or proprietors, shall be liable to damages," etc. The plaintiff invites our attention particularly to the words, "whether a passenger or not," and contends that the provision extends, in the case of railroad and steamboat companies, to persons in their employ, as well as to persons simply in *Page 96 
their "care;" and consequently that such a company becomes liable under the statute if the life of one of its servants or employees is lost by the carelessness of his fellow-servants, though at common law a master is not liable to his servant for an injury resulting from the carelessness of a fellow-servant, if he has used reasonable care in selecting his servants. The question raised by the argument is an important one, and when it becomes necessary to decide it, will merit a very careful consideration. We do not think it is necessary to decide it in this case. The ground on which we thought the plaintiff was not entitled to recover, when the case was before us on the motion for new trial, was not that the intestate was a servant killed by the carelessness of a fellow-servant, but that he had voluntarily assumed the risk of the accident by which his life was lost. If the statute does extend to servants as well as to passengers, it will not be contended that it imposes a greater liability for servants than for passengers, and we are very clearly of opinion that a railroad company would not be liable for the death of a passenger if the passenger voluntarily exposed himself to the casualty by which his life was lost. In such a case, if the passenger were killed, his death would be attributable to his own fault rather than to the company's negligence, even if there were negligence on the part of the company. The intestate, as we stated in the former opinion, knew the risk he was running by riding on the hand-car. The plaintiff contends that the intestate was under the foreman, and therefore it must be presumed that he rode on the car at the foreman's command, for the purpose of returning the car. The testimony was that the intestate was one of a gang of men who were employed on Thanksgiving Day to do a job of work, shoveling coal, which would take about half a day, and have a full day's pay for it. The men had finished the job by about 11.15 o'clock A.M. Soon afterwards the foreman took out his watch and said: "It is twenty minutes past eleven. We have ample time to get home before the regular train leaves." The time for that train to leave was 11.40 A.M. The remark was not a command, but a suggestion, apparently put interrogatively, to ascertain if the man wanted to take the car without precautions before the passing of the regular train. The men took the car, so far as appears, without hesitation or objection, *Page 97 
the intestate as willingly as the others. There is nothing to show that the foreman would have refused to take the proper precautions, i.e. to leave a man with a red flag behind and send another before, if the men had wished him to do so; but it would have necessitated delay, and, according to the testimony, they were in a hurry to get home for Thanksgiving. Doubtless the intestate would have been permitted to walk if he had preferred to do so, but probably he would have felt himself aggrieved if he had not been permitted to ride. The hand-car was overtaken and run into, soon after starting, by a special train, which came as unexpectedly to the foreman as to the others, though both he and they knew that, under the regulations, such a train might come upon them unsignalled, and therefore that they ran that risk when they started without sending out the red flags. The foreman may have been more to blame than the others, because he was foreman; but the carelessness was common to all. The case is not similar to Mann v. Oriental Print Works, 11 R.I. 152, for there an employee was suddenly called upon by his superior to do a dangerous work, out of his sphere, without knowing the danger or how to guard against it. Being ignorant of the risk, he could not, under the circumstances, be held to have accepted it. This case, in respect of the principles which ought to govern it, is more like Kelly v. Silver Spring Co. 12 R.I. 112.
Judgment for defendant for costs.